UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------

JEFFREY WILLIAMS,

                Plaintiff,

   -v-                                             7:13-CV-382

ROBERT CARTER, Investigator, Police
Officer, NYS State Police, Princetown
Station, Troop G, Zone 3,

                Defendant.

---------------------------------

APPEARANCES:                                      OF COUNSEL:

JEFFREY WILLIAMS, pro se
12-A-0840
Ulster Correctional Facility
P.O. Box 800
Berme Road
Napanoch, NY 12458

HON. ERIC T. SCHNEIDERMAN          TIFFINAY M. RUTNIK, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorneys for Defendant
The Capitol
Albany, NY 12224


DAVID N. HURD
United States District Judge

# **MEMORANDUM–DECISION and ORDER**

## I. **INTRODUCTION**

On April 5, 2013, plaintiff Jeffrey Williams ("plaintiff" or "Williams") commenced this action against Investigator Robert Carter ("defendant" or "Inv. Carter") of the New York State Police ("NYSP"). Liberally construing the complaint, Williams asserts Fourth Amendment claims for false arrest and malicious prosecution, pursuant to 42 U.S.C. § 1983.[1]

The parties have completed discovery, and defendant has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion is fully briefed and was considered on submit without oral argument.

## II. **FACTUAL BACKGROUND**

The following pertinent facts are undisputed unless otherwise noted.[2] In April 2011 Inv. Carter was assigned to a team of law enforcement officers investigating the burglary of two convenience stores, one in Schenectady County and one in Schoharie County, in New York state. Both occurred in the early morning hours of April 27, 2011.

First, at approximately 2:36 a.m. on that date, someone broke into the Gulf Brothers

---

[1] Williams also delineated a cause of action for "filing a false instrument"—specifically, an application for an arrest warrant. Compl., ECF No. 1, 3. Such a claim is subsumed within the false arrest and malicious prosecution claims. Further, although he uses the phrase "cruel and unusual punishment" in the complaint, he fails to put forth any factual allegations to support an Eighth Amendment claim. Moreover, Inv. Carter had no personal involvement in any conduct that occurred at the Albany County Correctional Facility and was not responsible for the conditions of plaintiff's confinement at that facility. Finally, during discovery and in response to the pending motion, plaintiff alleged that Inv. Carter's failure to remove an arrest warrant from a computer database caused him to be ineligible for certain prison programs. Assuming he is now attempting to assert a due process claim, there are no factual allegations in the complaint to support same. Nor is there any indication that Inv. Carter was responsible for managing the database. Therefore, only the false arrest and malicious prosecution claims will be addressed.

[2] In response to defendant's Statement of Material Facts, plaintiff merely indicates whether he admits or denies the alleged fact in each numbered paragraph. He neither explains his denials nor cites to specific evidence in the record supporting his denial, as required by Local Rule 7.1(a)(3). Therefore, his version of the factual allegations has been gleaned from his assertions elsewhere in the record.

Convenient Mart in Princetown, Schenectady County, by throwing a brick through the front glass door ("the Schenectady Burglary"). Surveillance video shows a suspect dressed in a dark hooded sweatshirt, gloves, and white sneakers. The suspect put cartons of cigarettes into a large cardboard box before fleeing the store. See Rutnik Decl., Ex. H.

Shortly thereafter, at about 2:58 a.m., a similar burglary occurred sixteen miles away at the Apple Food convenience store in the Town and County of Schoharie ("the Schoharie Burglary"). Surveillance video from the store shows a clear depiction of the suspect's face as he emerges from a four-door Buick LeSabre in the parking lot. The suspect—clad in a dark hooded sweatshirt, gloves, and white sneakers—then throws a block through the front glass door, enters the store, and puts cartons of cigarettes into a large cardboard box before fleeing in the Buick. See Rutnik Decl., Ex. I.

During the course of his investigation, Inv. Carter learned of several similar unsolved burglaries in the general area.[3] For example, the Global Gas convenience store in Sullivan County, New York, had been burglarized in the early morning hours of February 12, 2011. Surveillance video reportedly shows the perpetrator arriving in a four-door Buick LeSabre bearing a partial license plate number of "7415." The suspect gained entry to the store by throwing a concrete block through the front glass window and, once inside, stole cartons of cigarettes. The Buick reportedly sustained damage to the driver's side when the suspect backed into a pillar near the station's gas tanks. On April 16, 2011, someone burglarized the Countryside Grocery in Schoharie County. Like the other crimes, the perpetrator smashed through the glass front door and stole cigarettes.

---

[3] In fact, notes from the record indicate that "[a] total of 12 incidents matching this description have occurred from 01/09/11 through 04/27/11 in Albany, Saratoga, and Rensselaer counties." Pl.'s Ex. H, ECF No. 22-3, 31, ¶ 15.

A search of Department of Motor Vehicle records revealed a blue Buick LeSabre, license plate number "EVW 7415," registered to Barbara B. Coles of Menands, New York. Police also discovered that a Miles Bailey of Albany filed an insurance claim alleging that the same Buick LeSabre had been damaged at a gas station in Albany on February 14, 2011. The Albany Police Department did not receive a report of the incident described in Bailey's insurance claim. Subsequent investigation indicated that Barbara Coles was Miles Bailey's girlfriend, and Bailey was plaintiff's landlord at the time of the burglaries.

Police soon located the Buick LeSabre in the City of Albany and placed it under surveillance. Williams was observed and photographed removing property from the vehicle. Inv. Carter compared these pictures with the video footage of the Schoharie Burglary suspect and concluded they were the same person. Williams denies that he is the person in the surveillance video from the Schoharie Burglary, even though he later pleaded guilty to that crime. After obtaining plaintiff's name and date of birth, police learned he had a criminal history that included an arrest in July 2003 for breaking into a convenience store in Colonie, Albany County. In that burglary, the perpetrator threw a concrete block through a glass front door and stole cigarettes. Plaintiff was arrested close to the scene with evidence of the crime on his person.[4]

On May 11, 2011, armed with the above information, Inv. Carter secured a warrant to install a global positioning system ("GPS") tracking device on the Buick LeSabre. In the early morning hours of May 15, 2011, the GPS device indicated that the vehicle had left the City of Albany and stopped in the area of 106 Maple Avenue, Voorheesville, Albany County. A

---

[4] Plaintiff summarily denies this prior conviction. However, during his deposition, he acknowledged that he had been convicted in the past for similar crimes. Rutnik Decl., Ex. A, ECF No. 19-5, 27.

uniformed NYSP Trooper was dispatched to that location. Inv. Carter began driving toward the area as well but soon passed the Buick LeSabre driving in the opposite direction. He turned around to pursue the vehicle and, shortly thereafter, was advised that the Mobil Mart at 106 Maple Avenue had been burglarized ("the Albany Burglary").

Inv. Carter stopped the Buick LeSabre. Williams was driving the vehicle and another male was in the passenger seat. A search of the vehicle revealed a cardboard box filled with cartons of cigarettes that had been stolen during the Albany Burglary. Inv. Carter placed plaintiff under arrest, and he was lodged in the Albany County Correctional Facility.

The following day, with consent of plaintiff's live-in girlfriend, Inv. Carter searched Williams's apartment and recovered three large cardboard boxes and an empty carton of cigarettes. He compared the cardboard boxes to those depicted in the surveillance videos of the Schenectady and Schoharie Burglaries, and concluded they were the same. Plaintiff disputes this conclusion.

On June 2, 2011, while Williams remained in custody at the Albany County Correctional Facility on charges stemming from the Albany Burglary, Inv. Carter filed a felony complaint against him and obtained a warrant to arrest him for the Schenectady Burglary. On June 15, 2011, plaintiff was transported from the Albany County Correctional Facility to the Princetown Town Court, where he was arraigned on charges related to the Schenectady Burglary.

On July 27, 2011, a grand jury returned an indictment formally charging Williams with committing the Albany Burglary. He pleaded guilty to this crime on January 18, 2012. The next day, the Princetown Town Court dismissed the charges stemming from the Schenectady Burglary on Speedy Trial grounds. On February 26, 2012, plaintiff was sentenced to three

and a half to seven years in prison for the Albany Burglary. It is undisputed that he remained in custody at the Albany County Correctional Facility from May 15, 2011, when he was arrested for the Albany Burglary, through February 26, 2012, when he was sentenced and transferred to the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

Meanwhile, on February 15, 2012, a grand jury returned an indictment charging Williams with committing the Schoharie Burglary. He pleaded guilty to these charges on August 1, 2012, and was sentenced on October 24, 2012.[5] He is presently serving these sentences.

## III. DISCUSSION

Williams alleges that Inv. Carter falsely arrested and maliciously prosecuted him for the Schenectady Burglary. Inv. Carter argues that he is entitled to summary judgment on these claims because Williams was already incarcerated when he obtained the arrest warrant and filed charges against him for the Schenectady Burglary and, therefore, he was not deprived of a liberty interest. In the alternative, defendant maintains that he had probable cause to arrest and initiate a criminal prosecution against plaintiff.[6]

### A. Motion for Summary Judgment—Legal Standard

Defendant has moved for summary judgment pursuant to Federal Rule of Civil

---

[5] This sentence runs consecutively to the sentence imposed for the Albany Burglary. Plaintiff has appealed his conviction and sentence for the Schoharie Burglary. He did not appeal the conviction or sentence for the Albany Burglary and readily admits his guilt for that crime.

[6] Inv. Carter also asserts he is entitled to qualified immunity for claims against him in his individual capacity and Eleventh Amendment immunity for claims against him in his official capacity. However, as plaintiff's substantive constitutional claims fail and will be dismissed, it is unnecessary to reach defendant's assertion of immunity. See Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006) ("If no constitutional or statutory right was violated . . . we need not conduct further inquiries concerning qualified immunity.").

- 6 -

Procedure 56. The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248; see also Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When summary judgment is sought, the moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim. Id. at 250 n.4. The failure to meet this burden warrants denial of the motion. Id. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Id. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party. Jeffreys, 426 F.3d at 553. Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); see also Anderson, 477 U.S. at 250 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

Where, as here, the plaintiff proceeds pro se, "the court must construe his

submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

### B. Deprivation of Liberty

Williams claims he was subject to false arrest and malicious prosecution when Inv. Carter obtained a warrant to arrest him for the Schenectady Burglary and filed criminal charges against him for that crime.

Section 1983 claims for false arrest and malicious prosecution rest on the Fourth Amendment right of an individual to be free from unreasonable seizures. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). To succeed on such claims, a plaintiff must show an unreasonable deprivation of liberty and satisfy the state law elements of the underlying claims. Manganiello v. City of New York, 612 F.3d 149, 161–62 (2d Cir. 2010) (malicious prosecution); Jaegly v. Couch, 439 F.3d 149, 151–52 (2d Cir. 2006) (false arrest).

Williams's false arrest and malicious prosecution claims must be dismissed because he did not suffer a deprivation of liberty as a result of the Schenectady Burglary charges and arrest warrant. Indeed, it is undisputed that he was already in custody in the Albany County Correctional Facility when Inv. Carter obtained the arrest warrant and filed the charges against him. Further, he remained in custody—throughout the pendency of those charges—for completely separate charges stemming from the Albany Burglary, to which he pleaded guilty. Thus, Inv. Carter did not deprive him of liberty. See Singer, 63 F.3d at 116; Walker v. Sankhi, 494 F. App'x 140, 143 (2d Cir. 2012) (summary order); Parker v. City of New York, No. 05 Civ. 1803, 2008 WL 110904 (S.D.N.Y. Jan. 7, 2008) ("A plaintiff does not have a

claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he is already in custody on other charges, because there is no deprivation of liberty interests.").

Accordingly, defendant's motion for summary judgment will be granted.

### C. Probable Cause

Even if Williams could establish the requisite deprivation of liberty, his claims fail because Inv. Carter had probable cause to arrest him and file criminal charges against him for the Schenectady Burglary.

Defendant correctly notes that "[p]robable cause is a complete defense to any action for false arrest or malicious prosecution in New York." Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010). "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be [charged]." Williams v. Town of Greenburgh, 535 F.3d 71, 79 (2d Cir. 2008) (alterations in original) (internal quotation marks omitted). The existence of probable cause is an objective inquiry that is based upon the totality of the facts known by the officer at the time of the arrest or when the criminal proceedings were initiated. Jaegly, 439 F.3d at 153.

Importantly, "probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). Finally, when an arrest is made pursuant to a warrant issued by a neutral magistrate, it is "presumed reasonable because such warrants may issue only upon a showing of probable cause." Fabrikant v. French, 691 F.3d 193, 214 (2d Cir. 2012) (internal quotation marks omitted).

The totality of the circumstances known to Inv. Carter in May 2011 provided sufficient probable cause to arrest and initiate criminal proceedings against Williams for the Schenectady Burglary. Specifically, Inv. Carter knew the following: (1) A string of convenience store burglaries had been committed in the same general area through a similar modus operandi; to wit, the perpetrator threw a brick or concrete block through the front glass window and stole cartons of cigarettes; (2) the suspect drove a four-door Buick LeSabre to at least two of the burglaries and surveillance video revealed a partial license plate of "7415" on the vehicle; (3) Williams was observed taking property out of a four-door Buick LeSabre with license plate number "EVW 7415"; (4) that particular vehicle was registered to the girlfriend of Williams's landlord, who had filed an insurance claim for damage sustained around the same time surveillance video shows the burglary suspect backing into a pillar; (5) Williams had at least one prior conviction for a similar burglary in 2003; and (6) Williams was arrested on May 15, 2011, after he admittedly committed the Albany Burglary, during which he smashed the front glass door of a convenience store with a brick, stole cigarettes, and was driving the same Buick LeSabre.[7]

Moreover, Inv. Carter obtained warrants to place a GPS tracking device on the Buick LeSabre and to arrest plaintiff for the Schenectady Burglary, suggesting these actions were reasonable. In short, Inv. Carter had a wealth of reasonably trustworthy information to justify his belief that Williams had committed the Schenectady Burglary, and no reasonable juror could find otherwise.

---

[7] According to defendant, he also knew that the large cardboard boxes found in plaintiff's apartment matched those in the surveillance videos. Plaintiff disputes the similarity of the cardboard boxes. As all factual allegations must be viewed in the light most favorable to the non-movant on a motion for summary judgment, this disputed matter will not be considered in the probable cause analysis. This hardly detracts from the otherwise solid foundation of probable cause, which law enforcement built brick-by-brick.

Accordingly, defendant's motion for summary judgment will be granted.

## IV. **CONCLUSION**

Williams did not suffer a deprivation of liberty as a result of the arrest warrant and criminal charges related to the Schenectady Burglary because he was already in custody on other charges at the time. Further, Inv. Carter had ample information upon which to base his reasonable belief that plaintiff had committed the Schenectady Burglary.

Therefore, it is

ORDERED that

1. Defendant's motion for summary judgment is GRANTED; and

2. The complaint is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

_____
United States District Judge

Dated: October 21, 2014
Utica, New York.